UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| BEYOND COMMERCE, INC.,<br><br>  Plaintiff,<br><br>v.<br><br>SICHENZIA ROSS FRIEDMAN<br>FERENCE LLP, et al.,<br><br>  Defendants. | 2:10-CV-1568 JCM (LRL) |

**ORDER**

Presently before the court is defendants Sichenzia, Ross, Friedman, Ferernce, LLC and Daren M. Occasio's (collectively "SRFF") motions to dismiss dated September 21, 2010 (doc. #4), and October 20, 2010 (doc. #11). Plaintiff, Beyond Commerce, Inc. ("BC"), timely filed oppositions (docs. #9 and #14), and SRFF filed replies (docs. #10 and #15).

On October 6, 2010, BC amended its original complaint (doc. #8) whereby plaintiff abandoned its breach of contract claim and opted to proceed with a sole claim for breach of fiduciary duty. SRFF requests dismissal due to improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3) or, alternatively, for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2). With respect to improper venue, SRFF asserts that a forum selection clause, contained in the retainer agreement governing the parties' relationship, requires this action be brought exclusively in New York County, New York.

In support of this assertion, SRFF points to the broad language of the forum selection clause contained in the retainer agreement, which extends to "any action hereunder . . ." (doc. #11, Exhibit

**James C. Mahan**
**U.S. District Judge**

1  C). Moreover, SRFF asserts that because it is not possible to litigate BC's tort claim (breach of
2  fiduciary duty) without implicating and interpreting the retainer agreement contract, it is necessary
3  to apply the contract to BC's claim for breach of fiduciary duty. With regard to personal jurisdiction,
4  defendants claim that they lack both the "systematic and continuous" contacts necessary to establish
5  general personal jurisdiction as well as the requisite "minimum contacts" necessary to establish
6  specific personal jurisdiction in Nevada.

7  Conversely, BC asserts that the forum selection clause at issue is invalid because it (1) is
8  inapplicable to tort claims; (2) fails to comport with Nevada law; and (3) is *per se* invalid due to
9  inconspicuousness. Lastly, BC argues that this court has both general and specific personal
10 jurisdiction over SRFF.

11 **A.  Improper venue**

12 Under the Federal Rules of Civil Procedure, a defendant may rely on improper venue as a
13 valid defenses to a plaintiff's claim. FED. R. CIV. P. 12(b)(3). And improper venue is the correct
14 procedural vehicle for enforcing a forum selection clause. *R.A. Argueta v. Banco Mexicano*, 87 F.3d
15 320, 324 (9th Cir. 1996). "Whether a forum selection clause applies to tort claims depends on
16 whether resolution of the claims relates to interpretation of the contract." *Manetti-Farrow, Inc. v.
17 Gucci Am., Inc.*, 858 F.2d 509, 514 (9th Cir. 1988).

18 Here, as in *Manetti-Farrow*, the forum selection clause is applicable to BC's tort claim for
19 two reasons. First, the language of the forum selection clause herein is broader than the clause in
20 *Manetti-Farrow*. Specifically, the forum selection clause herein encompasses "any suit, action,
21 proceeding or judgment relating to or arising out of this [a]greement" (doc. #11, Exhibit E at 16) as
22 opposed to the language in *Manetti-Farrow* which only applied to "interpretation" or "fulfillment"of
23 the contract. Second, BC's breach of fiduciary duty claim—like the tort claims in *Manetti-
24 Farrow*—must necessarily involve the retainer agreement contract between the parties to assess what
25 duties SRFF actually owed BC. As a result, BC's tort claim is directly related to the contract that
26 contained the forum selection clause and must be dismissed by this court under Fed. R. Civ. P.
27 12(b)(2) for improper venue.

28

**James C. Mahan**
**U.S. District Judge**

- 2 -

1. <u>The Scope of the Forum Selection Clause Under Nevada Law</u>

BC offers two additional reasons why venue is proper; however, both arguments are misplaced. First, BC claims that the forum selection clause is not applicable because it does not comport with the requirements of Nevada law. But the Ninth Circuit has made clear that in diversity cases, federal law—not state law—governs the analysis of the effect and scope of forum selection clauses. *Jones v. GNC Franchising, Inc.,* 211 F.3d 495, 497 (9th Cir. 2000); *see also*, *Manetti-Farrow, Inc.*, 858 F.2d at 513 (applying federal law to the forum selection clause therein). Accordingly, BC's reliance on state law herein is not proper and its argument fails.

2. <u>Conspicuousness</u>

Second, BC claims that the forum selection clause is *per se* invalid because of its inconspicuous nature. To this end, BC properly cites Nevada law in support of its contention *see Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 297-98 (9th Cir. 2000) (relying on California Business and Professional Code § 20040.5 to invalidate a forum selection clause) and relies primarily on the Nevada Supreme Court case *Tandy Computer Leasing v. Terina's Pizza*, 105 Nev. 841, 844, 784 P.2d 7, 8 (Nev. 1989) (*per curiam*) to support its contention.

In *Tandy*, the Nevada Supreme Court concluded that a forum selection clause included within a consumer lease agreement, which was entered into between owners of a pizza restaurant and Tandy computers, was unenforceable because the manner in which it was negotiated failed to satisfy basic requirements of due process. *Tandy*, 105 Nev. at 844, 784 P.2d at 8. Specifically, the forum selection clause did not form part of the bargain as neither Tandy's agent nor representatives of lessee knew it existed. *Id.* at 842, 784 P.2d at 7. Nevertheless, the *Tandy* Court recognized that had the forum selection provision been obtained through 'freely negotiated' agreements, it would not have been 'unreasonable and unjust,' and its enforcement would not have "offend [d]ue [p]rocess." *Id.* at 843, 784 P.2d at 8 (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985)).

Additionally, the *Tandy* Court refused to enforce a forum selection clause between the parties because the provision was "buried" on the very bottom of the back page of the lease agreement, in small print, and located in a paragraph labeled "MISCELLANEOUS." *Id.* at 843, 784 P.2d at 8.

James C. Mahan
U.S. District Judge

- 3 -

Here, no evidence suggests that the forum selection clause contained in the retainer agreement was not freely negotiated between the parties. Instead BC solicited SRFF's assistance in representing the company with respect to certain Securities and Exchange Commission reporting requirements and BC voluntarily signed the retainer agreement in exchange for SRFF's services. Unlike *in Tandy*, the parties herein are sophisticated entities. Moreover, BC signed and was aware of the retainer agreement contract. Finally, the forum selection clause herein appeared in the same size and style of font as the rest of the clauses in the contract. Thus, *Tandy* is distinguishable from the facts herein because the forum selection clause herein is both conspicuous and freely negotiated.

**B. Personal Jurisdiction**

Because dismissal is proper under Fed. R. Civ. P. 12(b)(3), this court need not determine whether it has personal jurisdiction over SRFF.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED defendant SRFF's motions to dismiss (doc. #4 and #11) be, and the same hereby, are GRANTED.

IT IS FURTHER ORDERED that *Beyond Commerce, Inc. v. Sichenzia Ross Friedman Ferernce, LLC* (2:10–cv–1568–JCM–LRL) be, and the same hereby is, DISMISSED.

DATED February 10, 2011.

_____
UNITED STATES DISTRICT JUDGE